**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, | Case No. 24-cv-03164 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| WOLVERINE GROUP PTY LTD, | |
| Defendant. | |

**COMPLAINT**

Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") hereby brings this action against Wolverine Group Pty Ltd ("Defendant") and alleges as follows:

**I. INTRODUCTION**

1.    This action has been filed by Deckers to address Defendant's selling and offering for sale of footwear, handbags, and other products to United States' consumers featuring infringements and/or counterfeits of Deckers' registered trademarks and patented designs ("Infringing Products") through Defendant's website at uggsince1974.com.au[1] ("Defendant's Website").  Deckers seeks to address Defendant's infringement and/or counterfeiting of its registered trademarks and patented designs, as well as to protect unknowing consumers from purchasing Infringing Products.  Deckers has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks and patented designs as a result of Defendant's actions and seeks injunctive and monetary relief.

---

[1] Defendant also uses the domain uggaustralianmade.com.au, which redirects to uggsince1974.com.au.

## II. JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq*., the Patent Act, 35 U.S.C. § 1, *et seq*., 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.      This Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in Illinois, derives a commercial benefit from its contacts with the State of Illinois, and is causing harm to Deckers' business within the State of Illinois.  Deckers is suffering from the effects of Defendant's unlawful conduct in the State of Illinois.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, through Defendant's Website.  Specifically, Defendant has targeted sales to Illinois residents by setting up and operating Defendant's Website which offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and has sold and shipped products featuring Deckers' registered trademarks and patented designs to residents of Illinois.  Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Deckers substantial injury in the State of Illinois.

## III. THE PARTIES

**Plaintiff Deckers Outdoor Corporation**

5.     Plaintiff Deckers Outdoor Corporation is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business located in Goleta, California.  Deckers is engaged in the design, distribution, marketing, offering for sale, and sale of footwear.  Deckers owns and markets its footwear products under several distinctive trademarked brands, including its famous UGG® brand.

6.     Deckers is well-known throughout the United States and elsewhere as a source of high quality footwear products, including the famous UGG brand of premium comfort-leisure footwear (the "UGG Products").  UGG Products are distributed and sold to consumers through retailers throughout the United States, including in Illinois, the ugg.com website and UGG Stores.

7.     UGG footwear has been and remains highly coveted today by consumers as one of the most popular and recognizable symbols of luxury and style.   Since UGG boots were featured on Oprah's Favorite Things® in 2000, the popularity of UGG footwear has grown exponentially, with celebrities such as Gigi Hadid, Rihanna, Hailey Bieber, Kendall Jenner, Emily Ratajowski, and Megan Fox among a myriad of others regularly seen wearing UGG footwear.  Among the purchasing public, genuine UGG Products are instantly recognizable as such.  In the United States and around the world, the UGG brand has come to symbolize high quality, and UGG Products are among the most recognizable premium footwear products in the world.

8.     Deckers holds registrations for the UGG trademarks, including, but not limited to, the following United States Registrations, which are collectively referred to as the "UGG Trademarks":

| REGISTRATION NUMBER | TRADEMARK | REGISTRATION DATE | GOODS |
|---|---|---|---|
| 3,050,925 | UGG | January 24, 2006 | For: Men's, women's, children's footwear, namely, boots, shoes, clogs, slippers; men's, women's and children's clothing, namely, coats, jackets; children's buntings in class 025. |
| 3,360,442 | UGG | December 25, 2007 | For: Footwear, namely, sandals; clothing, namely, vests, mittens, scarves, headwear, namely, caps, earmuffs in class 025. |
| 3,061,278 | UGG | February 21, 2006 | For: Sheepskin handbags, carry-on bags, clutch bags, shoulder bags, tote bags, backpacks, handbags, pocketbooks, purses, satchels in class 018. |
| 5,428,744 | UGG | March 20, 2018 | For: Dog coats; pet clothing in class 018. |
| 3,412,734 | UGG | April 15, 2008 | For: Wallets in class 018. |
| 4,243,373 | UGG | November 13, 2012 | For: All purpose carrying bags in class 018. |
| 3,166,351 | UGG | October 31, 2006 | For: Rugs in class 027. |
| 4,234,396 | UGG | October 30, 2012 | For: Footwear; clothing, namely, sweaters, coats, jackets, vests, scarves and gloves; headwear in class 025. |
| 4,234,408 | UGG | October 30, 2012 | For: Handbags; Purses; Shoulder bags in class 018. |

The above U.S. registrations for the UGG Trademarks are valid, subsisting, in full force and effect, and most are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the UGG Trademarks constitute *prima facie* evidence of their validity and of Deckers' exclusive right to use the UGG Trademarks pursuant to 15 U.S.C. § 1057(b). True and correct copies of the United States Registration Certificates for the above-listed UGG Trademarks are attached hereto as **Exhibit 1**.

9. The UGG Trademarks have been used continuously for many years, by Deckers and its predecessors in interest. The UGG Trademarks are used on UGG Products and are famous among consumers worldwide.

10. The UGG Trademarks are exclusive to Deckers and are displayed extensively on UGG Products and in Deckers' marketing and promotional materials. UGG Products are among the most popular and recognizable of their kind and have been extensively promoted and advertised at great expense. In fact, Deckers has expended millions of dollars annually in advertising, promoting and marketing featuring the UGG Trademarks. Because of these and other factors, the UGG Trademarks are well-known among U.S. consumers.

11. Deckers has expended considerable resources on advertising, marketing, and promoting the UGG Trademarks and in maintaining the distribution and sale of high-quality products in connection therewith. As such, Deckers has established goodwill and a favorable reputation for itself and its UGG Trademarks. Deckers' UGG Trademarks are among its most valuable assets.

12. Deckers extensively markets the UGG Trademarks in the United States and other countries and (together with its predecessors) has spent tens of millions of dollars to build the UGG brand.

13.     The UGG Trademarks are distinctive when applied to high quality apparel, footwear, and related merchandise, signifying to the purchaser that the products come from Deckers and are manufactured to Deckers' quality standards.  Whether Deckers manufactures the products itself or licenses others to do so, Deckers has ensured that products bearing its trademarks are manufactured to the highest quality standards.  Deckers' products branded under the UGG Trademarks have been widely accepted by the public and are enormously popular as demonstrated by nearly two billion dollars in global sales last year.  In view of this popularity, the UGG Trademarks are famous marks.

14.     UGG Products are known for their distinctive patented designs.  These designs are broadly recognized by consumers.  Footwear fashioned after these designs are associated with the quality and innovation that the public has come to expect from UGG Products.  Deckers uses these designs in connection with its UGG Products.  UGG Products, including those which embody the UGG Designs, are marked and have been marked in compliance with 35 U.S.C. § 287(a).

15.     Deckers is the lawful assignee of all right, title, and interest in and to the United States Design Patent No. D616,189.  The '189 patent was lawfully issued on May 25, 2010, with named inventor Jennifer MacIntyre.

| Patent Number | Claim | Issue Date |
|---|---|---|
| D616,189 | <br>FIG. 1 | May 25, 2010 |



FIG. 2

FIG. 3

FIG. 4



FIG. 5

FIG. 6

16.    Deckers was the lawful assignee of all right, title, and interest in and to the United

States Design Patent No. D599,999.  The '999 patent was lawfully issued on September 15, 2009,

with named inventor Jennifer MacIntyre.

| Patent Number | Claim | Issue Date |
|---|---|---|
| D599,999 |  | September 15, 2009 |



FIG. 4

FIG. 5

FIG. 6



17.     Attached hereto as **Exhibit 2** are true and correct copies of United States Design Patent No. D616,189 (the "189 Design") and United States Design Patent No. D599,999 (the '999 Design").  The '189 Design and the '999 Design are collectively referred to herein as the "UGG Designs."

**The Defendant**

18.     On information and belief, Defendant Wolverine Group Pty Ltd is an Australian Proprietary Company organized and existing under the laws of Australia, and has its principal place of business at 23 Christine Avenue Miami QLD 4220, Australia.  Attached hereto as **Exhibit 3** is a true and correct copy of the Australian Government's Business Register record for Wolverine Group Pty Ltd.

19.     Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of at least the fully interactive, commercial website at uggsince1974.com.au (previously defined as "Defendant's Website").

Defendant targets the United States, including Illinois residents, and has offered to sell, and has sold, Infringing Products to consumers within the State of Illinois through Defendant's Website.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

20.     Defendant is engaged in selling, offering for sale, distributing and/or advertising products on Defendant's Website bearing at least one logo, source-identifying indicia or design elements, that are studied imitations, infringements, and/or counterfeits of Deckers' UGG Trademarks (previously defined as the "Infringing Products").

21.     Defendant operates the fully interactive, commercial Defendant's Website.

22.     On information and belief, Defendant operates social media accounts on at least Instagram, using the handle @uggsince1974, and TikTok, using the handle @uggsince1974, (collectively, "Defendant's Social Media Accounts").

23.     Defendant's Social Media Accounts are extensively used to advertise, market and promote Defendant's Website and Infringing Products to U.S. consumers, examples of which are shown below.



*Screenshot of Instagram Post*



*Screenshots of TikTok Post*

24.     Deckers' investigator visited Defendant's Website and purchased Infringing Products.

25.     The purchased Infringing Products were offered for sale to and shipped to United States consumers, including to the State of Illinois.

26.     The purchased Infringing Products were inspected and it was determined that the purchased Infringing Products bore counterfeit UGG Trademarks.

27.     A comparison of the UGG Trademarks to Defendant's Infringing Products offered for sale on Defendant's Website and received by Deckers' investigator exemplifies Defendant's counterfeiting and infringement of the UGG Trademarks.

| **Defendant's Infringing Products** |
| --- |



(Infringing Product Offered on Defendant's Website)



(Received Infringing Product)



(Infringing Product Offered on Defendant's Website)



(Received Infringing Product)



(Infringing Product Offered on Defendant's Website)



(Infringing Product Offered on Defendant's Website)

28.     On information and belief, Defendant is well aware of the extraordinary fame and strength of the UGG Trademarks and the goodwill associated therewith.

29.     On information and belief, Defendant has acknowledged Deckers' rights in the UGG Trademarks in the United States and worldwide.

30.     Defendant, without any authorization, license, or other permission from Deckers, have used the UGG Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products into the United States and Illinois over the Internet.

31.     Defendant's use of infringements and/or counterfeits of the UGG Trademarks in the advertisement, distribution, offering for sale, and sale of the Infringing Products was willful.

32.     Defendant is involved in the importation, offering for sale, and sale of footwear on Defendant's Website that infringes Deckers' '189 Design and the '999 Design (previously defined as the "Infringing Products").

33.     A comparison of Deckers' '189 Design with Infringing Products offered for sale on Defendant's Website exemplifies Defendant's infringement of Deckers' '189 Design.

| Deckers' '189 Design | Defendant's Infringing Products |
|---|---|
|  | |

34.     A comparison of Deckers' '999 Design with Infringing Products offered for sale on Defendant's Website exemplifies Defendant's infringement of Deckers' '999 Design.

| Deckers' '999 Design | Defendant's Infringing Products |
|---|---|
|  | |

35.     On information and belief, Defendant is well aware of the extraordinary fame of the UGG Designs and the high-quality products associated therewith.

36.     Defendant, without any authorization, license, or other permission from Deckers, has used the UGG Designs in connection with the making, using, offering to sell, selling, or importing of Infringing Products into the United States and Illinois over the Internet.

37.     Defendant's use of infringements of the UGG Designs in the making, using, offering to sell, selling, or importing of the Infringing Products was willful.

38.     Defendant's willful use of infringements of the UGG Designs in connection with the making, using, offering to sell, selling, or importing of Infringing Products, including the sale of Infringing Products into Illinois, is irreparably harming Deckers.

39. Defendant's willful use of infringements and/or counterfeits of the UGG Trademarks and infringements of the UGG Designs in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products, including the sale of Infringing Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Deckers.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

40. Deckers hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

41. This is a trademark infringement action against the Defendant based on their unauthorized use in commerce of counterfeit imitations of the federally registered UGG Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The UGG Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from UGG Products sold or marketed under the UGG Trademarks.

42. Defendant has sold, offered to sell, marketed, distributed and advertised products bearing infringements and/or counterfeits of the UGG Trademarks without Deckers' permission.

43. Deckers is the exclusive owner of the UGG Trademarks. Deckers' United States Registrations for the UGG Trademarks (**Exhibit 1**) are in full force and effect. On information and belief, Defendant has knowledge of Deckers' rights in the UGG Trademarks and are willfully infringing and intentionally using counterfeits of the UGG Trademarks. Defendant's willful, intentional, and unauthorized use of the UGG Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the general public.

44.     Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

45.      Deckers has no adequate remedy at law, and if Defendant's actions is not enjoined, Deckers will continue to suffer irreparable harm to its reputation and the goodwill of its well-known UGG Trademarks.

46.     The injuries and damages sustained by Deckers have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Infringing Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

47.     Deckers hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

48.     Defendant's promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Deckers or the origin, sponsorship, or approval of Defendant's Infringing Products by Deckers.

49.     By using the UGG Trademarks on the Infringing Products, Defendant created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

50.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

51. Deckers has no adequate remedy at law and, if the Defendant's actions are not enjoined, Deckers will continue to suffer irreparable harm to the reputation and the goodwill of the Deckers brand.

**COUNT III**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510, *et seq.*)**

52. Deckers hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

53. Defendant is engaged in acts violating Illinois law including, but not limited to, passing off its Infringing Products as those of Deckers, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine UGG Products, representing that their products have Deckers' approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

54. The foregoing Defendant's acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

55. Deckers has no adequate remedy at law, and Defendant's conduct is causing Deckers to suffer damage to its reputation and associated goodwill. Unless enjoined by the Court, Deckers will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

**COUNT IV**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D616,189**
**(35 U.S.C. § 271)**

56. Deckers hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

57.     Defendant is making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the '189 Design.

58.     Defendant has infringed the '189 Design through the aforesaid acts and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Deckers to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention.  Deckers is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

59.     Deckers is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Deckers is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT V
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D599,999
### (35 U.S.C. § 271)

60.     Deckers hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

61.     Defendant has made, used, offered for sale, sold, and/or imported into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the '999 Design.

62.     Defendant has infringed the '999 Design through the aforesaid acts.  Defendant's wrongful conduct has caused Deckers to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention.

63. Deckers is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Deckers is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Deckers prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from the following acts in the United States or in any other manner that effects U.S. commerce:

   a. using the UGG Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine UGG Product or is not authorized by Deckers to be sold in connection with the UGG Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any products as Genuine UGG Products or any other products produced by Deckers that are not Deckers', or not produced under the authorization, control, or supervision of Deckers and approved by Deckers for sale under the UGG Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendant's Infringing Products are those sold under the authorization, control, or supervision of Deckers, or are sponsored by, approved by, or otherwise connected with Deckers;

   d. further infringing the UGG Trademarks and damaging Deckers' goodwill;

   e. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Product;

23

f. making, using, offering to sell, selling, or importing any products not authorized by Deckers and that includes any reproduction, copy or colorable imitation of Deckers' '189 Design;

g. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Product; and

h. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (g).

2) For items that are located in the United States or that have been distributed or used in any manner in U.S. commerce, directing that Defendant delivers for destruction all footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing the UGG Trademarks, and variations thereof or any simulation, reproduction, counterfeit, copy or colorable imitations of the UGG Trademarks, as well as footwear bearing Deckers' '189 Design, and all plates, molds, heat transfers, screens, matrices and other means of making the same;

3) That Defendant accounts for and pays to Deckers all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the UGG Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) That Deckers be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) of $2,000,000 (two million dollars) for each and every use of the UGG Trademarks;

5)  That Deckers be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Deckers for Defendant's infringement of the UGG Designs, but in no event less than a reasonable royalty for the use made of the invention by the Defendant, together with interest and costs, pursuant to 35 U.S.C. § 284;

6)  That the amount of damages awarded to Deckers to compensate Deckers for infringement of the UGG Designs be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

7)  In the alternative, that Deckers be awarded all profits realized by Defendant from Defendant's infringement of the UGG Designs, pursuant to 35 U.S.C. § 289;

8)  Awarding Deckers punitive damages for Defendant's willful acts of deceptive practices under Illinois law;

9)  That Deckers be awarded its reasonable attorneys' fees and costs; and

10) Award any and all other relief that this Court deems just and proper.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Deckers hereby demands a trial by jury as to all issues so triable.

25

Dated this 19th day of April 2024.          Respectfully submitted,

                                       /s/ Justin R. Gaudio
                                       Amy C. Ziegler
                                       Justin R. Gaudio
                                       Allyson M. Martin
                                       Justin T. Joseph
                                       Thomas J. Juettner
                                       Greer, Burns & Crain, Ltd.
                                       300 South Wacker Drive, Suite 2500
                                       Chicago, Illinois 60606
                                       312.360.0080 / 312.360.9315 (facsimile)
                                       aziegler@gbc.law
                                       jgaudio@gbc.law
                                       amartin@gbc.law
                                       jjoseph@gbc.law
                                       tjjuettner@gbc.law

                                       *Attorneys for Plaintiff Deckers Outdoor Corporation*